**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Armando MORA–SILVA, Defendant—
Appellant.**

**No. 04–30335.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

George F. Darragh, Jr., Esq., Office of the U.S. Attorney, Great Falls, MT, for Plaintiff—Appellee.

Michael Donahoe, Esq., Federal Defenders of Montana, Helena, MT, for Defendant—Appellant.

Before O'SCANNLAIN, CALLAHAN and BEA, Circuit Judges.

MEMORANDUM **

Armando Mora–Silva appeals his sentence imposed following his guilty plea to unlawfully entering the United States after having been previously deported in violation of 8 U.S.C. § 1326(a).

Mora–Silva's Sixth Amendment challenge to his sentencing enhancement under U.S.S.G. § 2L1.2(b) remains foreclosed after *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See United States v. Moreno–Hernandez,* No. 03–30387, —— F.3d ——, —— n. 8, 2005 WL 1560269, *8 n. 8 (9th Cir. July 5, 2005) (explaining that a district judge's enhancement of a sentence, based on the fact of a prior conviction under U.S.S.G. § 2L1.2, does not raise any Sixth Amendment problems).

Because Mora–Silva was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

had the district court known that the Guidelines were advisory, we remand to the district court to answer that question, and to proceed pursuant to *United States v. Ameline,* 409 F.3d 1073, 1084 (9th Cir. 2005) (en banc). *See United States v. Moreno–Hernandez, id,* at ——, at *9 (extending *Ameline's* limited remand procedure to cases involving non-constitutional *Booker* error).

**REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.